

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion Number O-5717
Re: Use of State Available
Funds of an independent
school district which has
maintained its schools for
eight months, for the pay-
ment of its outstanding
bonds.

You request our opinion relative to the following
matter, upon which you have been requested to advise the
Fentress Independent School District:

"The Fentress Independent School District
of Caldwell County has a surplus of State and
County Available money, after they have con-
ducted school for a period of eight months.
They would like your opinion as to whether,
under the provisions of Article 2827 of the
Revised Civil Statutes, this surplus may be
used in making a payment on the outstanding
bonded indebtedness of the school district.' "

Article 2827, Revised Civil Statutes, 1925, reads
as follows:

"The public free school funds shall not be
expended except for the following purposes:

Honorable T. M. Trimble, page 2

"1. The State and county available funds
shall be used exclusively for the payment of
teachers' and superintendents' salaries, fees
for taking the scholastic census, and interest
on money borrowed on short time to pay salaries
of teachers and superintendents, when these
salaries become due before the school funds for
the current year become available; provided that
no loans for the purpose of payment of teachers
shall be paid out of funds other than those for
the then current year.

"2. Local school funds from district taxes,
tuition fees of pupils not entitled to free
tuition and other local sources may be used for
the purposes enumerated for State and county
funds and for purchasing appliances and supplies,
for the payment of insurance premiums, janitors
and other employes, for buying school sites,
buying, building and repairing and renting school
houses, and for other purposes necessary in the
conduct of the public schools to be determined by
the Board of Trustees, the accounts and vouchers
for county districts to be approved by the county
superintendent; provided, that when the State
available school fund in any city or district is
sufficient to maintain the schools thereof in
any year for at least eight months, and leave a
surplus, such surplus may be expended for the
purposes mentioned herein. Acts 1905, p. 263;
Acts 1919, p. 189." (Italics ours).

In Adams vs. Miles, 35 S. W. (2) 123, on rehearing
41 S. W. (2) 21, the question of use of surplus State avail-
able funds for construction of school buildings was consider-
ed by the Commission of Appeals. It was held in that case
that, where the State available funds were sufficient to
maintain the schools of the district for eight months, and
leave a surplus, the remaining money could be used, under the

Honorable T. M. Trimble, page #3

express provisions of Subsection 2 of Article 2827, for building of schoolhouses. It is probable that if Article 2827 merely authorized use of the funds for "buying, building and repairing * * * schoolhouses," it would be sufficiently broad to enable use of such surplus funds for retirement of debts incurred for those purposes (see Love vs. Rockwall I.S.D. (Tex. Civ. App.; error refused) 194 S. W. 669); but the authority conferred by the statute not only is for "buying, building and repairing schoolhouses," but the trustees are further authorized to use such funds "for other purposes necessary in the conduct of the public schools to be determined by the Board of Trustees." We would observe as did the Commission of Appeals in Adams vs. Miles (35 S.W. (2) 125) in considering its similar problem, that the Board of Trustees, in determining the uses to be made of such surplus funds --

> " * * * is especially authorized to do almost anything deemed necessary in their judgment to accomplish the purposes stated in Section 1 of Article 7 of the Constitution to the effect that 'a general diffusion of knowledge, being essential to the preservation of the liberty and rights of the people, it shall be the duty of the Legislature of the State to establish and make suitable provision for the support and maintenance of an efficient system of public free schools.' * * *."

The statutory authority concerning use of such surplus State available funds is therefore, in our opinion, broad enough to permit use of such funds in retirement of bonded indebtedness of a school district.

Use of moneys derived from the county available school fund is limited by Article 2827, supra, to those purposes enumerated in Subsection 1 of that statute; neither the construction of buildings nor payment of outstanding bonded indebtedness is among the authorized uses. Moneys derived from the county available funds, therefore, may not be used to retire outstanding bonds.

APPROVED JUN 30, 1943

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Gaynor Kendall

APPROVED OPINION COMMITTEE BY BWB

GK:w